# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1712V

|  |  |
|---|---|
| A.R.,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: July 24, 2023 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA*, for Petitioner.

*Steven Santayana, U.S. Department of Justice, Washington, DC*, for Respondent.

### ORDER GRANTING MOTION TO REDACT[1]

On December 1, 2020, A.R. ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following receipt of an influenza ("flu") vaccine administered on December 11, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 7, 2023, I issued a Ruling on Entitlement (ECF No. 43) and a Decision on Damages (ECF No. 44). On June 21, 2023, Petitioner filed a timely motion seeking redaction of her full name, to be replaced by her initials, throughout both opinions including the case caption. Motion (ECF No. 47); *see also* Ex. 24 – Petitioner's Affidavit

---

[1] Because this Order contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). To the extent that Petitioner would seek further redaction, in accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

in Support of Redaction (ECF No. 45). **For the foregoing reasons, Petitioner's Motion for Redaction (ECF No. 47) is granted.**

### I.     Petitioner's Motion for Redaction

Petitioner argues that absent redaction, a simple internet search of her name will retrieve the entitlement and damages opinions. Motion at 4. Petitioner asserts concern that her name's appearance within the context of a Vaccine Program proceeding will adversely impact her professional reputation and limit future opportunities both for employment within her academic field, and for publication in her specific field of research. Motion at 4 (citing Ex. 24 at 1). Thus, disclosure of her full name does not advance the Vaccine Act's purposes to compensate vaccine injuries and/or disseminate information to the public about vaccines, while constituting an unwarranted invasion of privacy. *Id.* at 2-3. By contrast, reducing her full name to her initials throughout the entitlement and damages opinions imposes no prejudice to the opposing party or to the aforementioned public interest. *Id.* at 4.

Respondent has not taken a position regarding the request for redaction.

### II.    Legal Standard

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*,123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine proceedings may not be disclosed without the written consent of the party providing the information. Section 12(d)(4)(A); Vaccine Rule 18(a). However, the Act requires disclosure of the decisions of the special masters or the Court, and thus later allows (once a claim has been decided) the disclosure of information previously not permitted to be shared with the public. Otherwise, the Act provides for redaction of certain categories of information – "medical files and similar files" – *only* if the disclosure of such information "would constitute a clearly unwarranted invasion of privacy." Section 12(d)(4)(B); *accord* Vaccine Rule 18(b).

Some levels of redaction are explicitly recognized as reasonable in the context of Program cases. In particular, the Vaccine Rules allow the initials of a minor to be used in the petition's caption when filed. Vaccine Rule 16(b). By contrast, adult petitioners' names are not afforded automatic protection; instead, adult claimants must affirmatively establish a basis for redaction. Thus, the Act assumes (consistent with the approach in most federal

litigation) that an adult claimant's name *will* be disclosed in the context of publication of a Vaccine Program decision.

Program case law has not established a consistent "rule" for how redaction requests should be analyzed and treated. *Compare W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision) *with Langland v. Sec'y of Health & Human Servs.*, No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing). *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*,100 Fed. Cl. at 460-61; *K.L.*, 2015 WL 11387761, at *2-3.

In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g.*, *K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's second request to redact only her name to initials which was accompanied by additional information regarding the potential harm she may suffer regarding her employment).

### III.     Analysis

Under the correct standard, a petitioner's *general* concern for privacy, shared by many vaccine case petitioners, is not by itself a sufficient reason for redaction, especially when there is a strong public interest in the information's disclosure. *See W.C.*, 100 Fed. Cl. at 461. In this case, however, Petitioner has presented a credible argument establishing that the ability to easily link her full name to the issued entitlement and damages opinions may adversely affect her existing work as an educator and academic researcher. Accordingly, the motion is well-founded.

## IV. Conclusion

For the reasons set forth above, **Petitioner's Motion (ECF No. 47) is GRANTED. The Clerk of this Court is hereby instructed to amend the case caption to what is reflected herein.**

**Redacted versions of the entitlement and damages opinions shall be entered onto the docket for public accessibility.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
